**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

AUSTIN VOEGTLI, individually and on behalf of all others similarly situated,

*Plaintiff*,

vs.

NATIONAL DEBT RELIEF, LLC,

*Defendant*.

**CLASS ACTION**

**Case No.**

**JURY TRIAL DEMANDED**

**CLASS ACTION COMPLAINT**

1. Plaintiff Austin Voegtli brings this class action against Defendant National Debt Relief, LLC, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**INTRODUCTION**

2. Plaintiff, Austin Voegtli ("Plaintiff"), brings this class action for damages resulting from National Debt Relief, LLC's ("National Debt Relief" or "Defendant") placement of debt collection calls to Plaintiff's cellular phone after Plaintiff notified Defendant that he wished Defendant to cease further communications with Plaintiff, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA").

3. Defendant is a nationwide debt collector. As part of its debt collection operations, Defendant places multiple debt collection calls to consumers in an attempt to collect alleged debts, even after consumers have communicated that they do not wish to receive further communications.

4. Plaintiff is one such consumer. After receiving a series of debt collection calls from Defendant attempting to collect alleged debts owed to T-Mobile, Plaintiff notified Defendant that he wished Defendant to cease further debt collection communications.

5. Nonetheless, Defendant continued to place debt collection calls to Plaintiff after Plaintiff communicated his desire to cease further communications.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

7. Plaintiff seeks relief for himself, and all others similarly situated for Defendant's unlawful behavior.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because his claims arise under the federal Fair Debt Collection Practices Act. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

9. The Court has personal jurisdiction over Defendant because Defendant's principal place of business is located in this District.

10. Venue is proper in this District in the acts that give rise to Plaintiff's claims – including but not limited to Defendant's placement of calls to Plaintiff – occurred from within this District.

## PARTIES

11. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Washington County, Maryland.

12. National Debt Relief, LLC is a New York limited liability company whose principal office is located at 180 Maiden Lane, 28th Floor, New York, NY 10038. Defendant is a collection agency whose principal purpose is the collection of debts, and it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTS

13. Plaintiff incurred an alleged debt (the "Debt") arising out of services rendered by T-Mobile (the "Original Creditor").

14. The Debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

15. Thereafter, the Original Creditor enlisted Defendant to collect the Debt on its behalf. Defendant meets the definition of "debt collector" under 15 U.S.C. § 1692a(6), as its principal purpose is the collection of debts and it regularly collects debts owed to another.

16. On or about February 19, 2026, Defendant began placing debt collection calls to Plaintiff's cellular telephone, number (___) XXX-8236, in an attempt to collect the Debt.

17. The calls from Defendant were placed from the following telephone numbers: (443) 806-7829, (443) 806-7898, and (833) 336-4054.

18. The calls Defendant placed to Plaintiff were substantially similar to one another and to calls Defendant placed to other consumers across the country.

19. Defendant placed debt collection calls to Plaintiff on multiple occasions, including but not limited to the following dates, as shown below:


10:39
Report Phone Number...
+1 443-806-7898
Valid number
Yesterday
9:12 AM
Incoming call, 0 mins 11 sec
Saturday, February 28
8:09 AM
Outgoing call, 1 min 56 secs
8:04 AM
Incoming call, 0 mins 53 sec
Thursday, February 19
8:35 AM
Incoming call, 1 min 6 secs
Favorites
Share
Block
Delete
10:39
+1 443-806-7829
Valid number
Today
9:30 AM
Incoming call, 0 mins 44 sec
Thursday, February 26
8:11 AM
Outgoing call, 0 mins 9 sec
8:10 AM
Incoming call, 0 mins 13 sec
Add
Tag
Share
Block
More


1:30
64
Report Phone Number...
+1 443-806-7898
Valid number
Tuesday, March 24
8:47 AM
Declined call
Monday, March 9
9:12 AM
Incoming call, 0 mins 11 sec
Saturday, February 28
8:09 AM
Outgoing call, 1 min 56 secs
8:04 AM
Incoming call, 0 mins 53 sec
Thursday, February 19
8:35 AM
Incoming call, 1 min 6 secs
Favorites
Share
Block
Delete


8:43
61
Report Spam Text 1
+1 443-806-7829
Valid number
Today
8:42 AM
Incoming call, 0 mins 21 sec
Tuesday, March 10
9:30 AM
Incoming call, 0 mins 44 sec
Thursday, February 26
Outgoing call, 0 mins 9 sec
8:10 AM
Incoming call, 0 mins 13 sec
Favorites
Share
Block
Delete


1:30
5G 64
Report Phone Number...
+1 443-806-7898
Valid number
Tuesday, March 24
8:47 AM
Declined call
9:12 AM
Incoming call, 0 mins 11 sec
Saturday, February 28
8:09 AM
Outgoing call, 1 min 56 secs
8:04 AM
Incoming call, 0 mins 53 sec
Thursday, February 19
8:35 AM
Incoming call, 1 min 6 secs
Favorites
Share
Block
Delete
10:55
5G 87
Report Spam Text 1
+1 443-806-7829
Valid number
Wednesday, March 25
8:42 AM
Incoming call, 0 mins 21 sec
9:30 AM
Incoming call, 0 mins 44 sec
Thursday, February 26
8:11 AM
Outgoing call, 0 mins 9 sec
8:10 AM
Incoming call, 0 mins 13 sec
Favorites
Share
Block
Delete

20. On or about March 25, 2026, after receiving debt collection calls from Defendant, Plaintiff notified Defendant via telephone call that he wished Defendant to cease further communications with Plaintiff by communicating to Defendant "stop contacting me".

21. Despite Plaintiff's communications requesting that Defendant cease further contact, Defendant continued to place debt collection calls to Plaintiff's cellular telephone after Plaintiff communicated his requests that Defendant cease further communications. These post-cease calls were placed on multiple occasions, including but not limited to the following dates, as shown below:




22. Plaintiff's time was wasted tending to Defendant's calls placed after he communicated his request that Defendant cease further communications.

23. Moreover, Defendant's continued debt collection calls annoyed, frustrated, and angered Plaintiff.

24. Plaintiff's receipt of Defendant's unauthorized debt collection calls drained Plaintiff's phone battery and caused Plaintiff additional electricity expenses and wear and tear on his phone and battery.

25. Plaintiff is informed and believes that Defendant placed the same or similar calls to members of the putative Class after they asked Defendant to cease its debt collection communications.

26. Defendant's calls caused Plaintiff and the Class members harm, including wasted time responding to the calls, violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion.

## CLASS ACTION ALLEGATIONS

### A. The Proposed Class

27. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

28. Plaintiff brings this case on behalf of the Class defined as follows:

> **All persons within the United States to whom Defendant or its agent/s and/or employee/s placed a debt collection call to said person's cellular telephone within the one year period prior to the filing of the Complaint, after said person had previously communicated a refusal to pay the debt and/or a request that Defendant cease further communication.**

29. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

30. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the class members number in the several

thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

**B. Numerosity**

31. Upon information and belief, Defendant has placed debt collection communications to cellular telephone numbers belonging to thousands of consumers throughout the United States after receiving communications asking it to cease contact. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

32. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

**C. Common Questions of Law and Fact**

33. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

a. Whether Defendant sent debt collection communications to Plaintiff and Class members' cellular telephones after being advised to cease communications;

b. Whether Defendant's practice of sending debt collection communications to consumers after being asked to cease doing so violates the FDCPA;

c. Whether Defendant is liable for damages, and the amount of such damages; and

d. Whether Defendant should be enjoined from such conduct in the future.

34. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places debt collection communications to telephone numbers assigned to cellular telephone services after being asked to cease communications is

accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. Typicality**

35. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E. Protecting the Interests of the Class Members**

36. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**F. Proceeding Via Class Action is Superior and Advisable**

37. A class action is the superior method for the fair and efficient adjudication of this controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA. In addition, the interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

38. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

39. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

40. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

41. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

42. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

## COUNT I

**Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d**

**(On Behalf of Plaintiff and the Class)**

43. Plaintiff repeats and re-alleges paragraphs 1–42 of this Complaint and incorporates them herein by reference.

44. The FDCPA, 15 U.S.C. § 1692d, provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

45. Section 1692d further provides that "[w]ithout limiting the general application of the foregoing, the following conduct is a violation of this section," and lists examples including "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

46. The enumerated examples in § 1692d(1)-(6) do not limit the general application of the statute's broad prohibition against harassing, oppressive, or abusive conduct.

47. After Plaintiff notified Defendant to cease further communications, Defendant continued to place repeated debt collection calls to Plaintiff's cellular telephone with the intent to annoy, abuse, and harass Plaintiff.

48. Defendant's repeated calls to Plaintiff after Plaintiff requested that Defendant cease communications constitutes conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

49. Defendant engaged in the same or similar conduct with respect to members of the putative Class.

50. By virtue of the foregoing, Plaintiff and the Class are entitled to recover damages as prayed for herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

(a) Actual and statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

(b) An award of attorneys' fees and costs to counsel for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3); and

(c) Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the calls as alleged herein.

Dated: May 18, 2026.

Respectfully submitted,

**Shamis & Gentile, P.A.**
*/s/ Leanna Loginov*
Leanna Loginov, Esq.
New York Bar # 5894753
lloginov@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Class*